UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDUS FRANK CALHOUN, SR.,

    Plaintiff,

                                        CASE NO. 2:21-cv-10475

v.

                                        HONORABLE NANCY G. EMUNDS

G. MINIARD, C. WALKER,
A. PRATT, MR. LAPLANT, and
HEIDI WASHINGTON, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S CLAIM
## FOR MONEY DAMAGES AND DIRECTING HIM TO SHOW
## CAUSE WHY HIS REQUEST FOR INJUNCTIVE RELIEF IS NOT MOOT

Plaintiff Orlandus Frank Calhoun, Sr., recently filed a *pro se* complaint for money damages and injunctive relief under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a state prisoner in the custody of the Michigan Department of Corrections (MDOC). He alleges that the defendants, who are employed by MDOC, have violated his right to humane living conditions. But he sued the defendants only in their official capacity, and the Supreme Court has held that state officials cannot be sued for money damages in their official capacity. Accordingly, the Court will dismiss Plaintiff's request for monetary relief and order him to show cause why his claim for injunctive relief is not moot.

## I. BACKGROUND

Plaintiff is incarcerated at the Saginaw Correctional Facility ("SRF") in Freeland, Michigan where this cause of action arose. The defendants are the Director of MDOC, Heidi Washington, and the following employees employed by MDOC at SRF: maintenance supervisor LaPlant, grievance coordinator A. Pratt, assistant deputy warden C. Walker, and warden G. Miniard. (ECF No. 1, PageID.2-3.)

Plaintiff alleges that, from November 20, 2020, to the date of his complaint (January 4, 2021), the defendants failed to provide him and other inmates with adequate heat in their cells. *Id*. at PageID.5, 9. Although the lack of heat allegedly put the prisoners' health, safety, and well-being at risk, Plaintiff contends that the defendants disregarded the inmates' complaints about their cold cells. *Id*. at PageID.5-6. Some maintenance workers accused the prisoners of covering the heat registers, but Plaintiff alleges that this was inaccurate information and that one maintenance worker ultimately admitted that a pump was not working properly. *Id.* at PageID.7-8.

Plaintiff asserts that "his constitutional rights do not come and go with the weather" and that the failure to provide him with adequate heat during winter constitutes deliberate indifference to his right to humane living conditions. *Id*. at PageID.5, 9, 11. He seeks injunctive relief and money damages from the defendants in their official capacities. *Id*. at PageID.2-3, 10.

## II.  LEGAL FRAMEWORK

The Court has allowed Plaintiff to proceed without prepaying the fees or costs for this action.  *See* ECF No. 5.  The Court is required to screen an indigent prisoner's complaint and to dismiss a complaint, or any portion of it, that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted).  In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint is legally frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term "frivolous" in 28 U.S.C.

3

§ 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.

Plaintiff filed his complaint under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]' " *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### III. DISCUSSION

As noted above, Plaintiff sues the defendants in their official capacity for money damages and injunctive relief. State officials obviously are persons, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), but state officials acting in their official capacities are not "persons" under § 1983 when sued for money damages. *Id*. at 71; *Hafer v. Melo*, 502 U.S. 21, 27 (1991). As explained in *Kentucky v. Graham*, 473 U.S. 159 (1985),

> [o]fficial-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S. Ct. 2018, 2035, n. 55, 56 L. Ed. 2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as

> a suit against the entity. *Brandon [v. Holt*, 469 U.S. 464, 471-472, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985)]. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, . . . a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Id*. at 165-166 (emphasis in original).

The defendants are state officials working for MDOC. As such, Plaintiff's lawsuit against the defendants in their official capacities must be treated as a suit against the State of Michigan and its Department of Corrections. And "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.' " *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464 (1945)).[1] The Court, therefore, dismisses Plaintiff's claim for money damages from the defendants in their official capacities.

---

[1] The Eleventh Amendment reads as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

"Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' " *Will*, 491 U.S. at 71 n. 10 (quoting *Graham,* 473 U.S. at 167, n. 14); *accord Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (stating that under Sixth Circuit precedent and the Supreme Court's decision in *Ex parte Young*, 209 U.S. 123 (1908), "the Eleventh Amendment does not bar suits for equitable, prospective relief . . . against state officials in their official capacity"); *Thiokol*, 987 F.2d at 381 (explaining that, even though the Eleventh Amendment "bars suits for monetary relief against state officials sued in their official capacity," "the amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief") (citing *Ex Parte Young,* 209 U.S. at 123).

Nevertheless, because "the winter is past" and "[t]he flowers appear on the earth," *Song of Solomon*, 2:11-12, Plaintiff may no longer need injunctive relief. Warmer temperatures may have eliminated the need for more heat in his cell or any mechanical problem that may have caused the lack of adequate heat could have been corrected by now. Accordingly, the Court orders Plaintiff to show cause why his request for injunctive relief is not moot. Any failure to comply with this order within **thirty (30) days** of the order could result in the dismissal of the complaint.

IT IS SO ORDERED.

Dated: April 19, 2021

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 19, 2021, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager